UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DIANA BANAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:12-CV-73 |
| | ) | |
| MICHAEL A. TAYLOR, JR. and SWIFT TRANSPORTATION CO., INC. | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Second Motion for Sanctions [DE 33] filed by the defendant, Swift Transportation, on September 9, 2014. For the following reasons, Swift's motion is **GRANTED,** and this matter is **DISMISSED.**

*Background*

The plaintiff, Diana Banas, claims injuries and damages arising from an automobile accident that occurred on December 10, 2009. On February 5, 2013, the defendant, Swift Transportation Co., Inc., filed a motion to compel Banas to respond to its written discovery requests and asked for monetary sanctions. The court granted Swift's motion on March 14, 2014. Banas subsequently turned over her responses to Swift's discovery requests but has not paid the monetary sanction to date. Swift's counsel repeatedly has inquired about payment of the sanction, and despite Banas' counsel's assurance that the payment was mailed on August 12, 2014, Swift has not received the payment.

1

In 2013, Banas was involved in a separate car accident and suffered serious injuries that caused her to be hospitalized for a period of time. Banas never supplemented her responses to Swift's discovery requests to distinguish the injuries she sustained as a result of the 2009 and 2013 accidents and turned over medical records that related to the injuries she sustained in both accidents. In an effort to determine which injuries Banas incurred as a result of the 2009 accident, Swift sent Banas authorizations for the release of her medical records from Community Care Network Physicians, the records from her insurer, and her Social Security Administration Disability Records. Banas never signed and returned the authorizations. Swift was able to obtain the information from Community Care and Banas' insurer, but it could not obtain her Social Security Disability records without a signed authorization. Swift's counsel has followed up with Banas' counsel multiple times but has not received a signed authorization.

Swift's counsel also attempted to schedule Banas' deposition after it received her discovery responses in April 2013. However, the deposition was delayed by Banas' 2013 accident. Banas' deposition originally was scheduled for August 27, 2013. At her first deposition, Swift represents that Banas rarely answered the questions asked, became confused, and could not distinguish between the injuries she sustained in the 2009 and 2013 accidents. For this reason, Swift agreed to continue Banas' deposition for a time when she would be better able to testify coherently. After numerous attempts to re-schedule her deposition, Swift unilaterally scheduled the deposition and issued a notice of deposition and subpoena. The parties and Banas agreed to continue her deposition until May 21, 2014. However, Banas later contacted Swift's counsel directly and stated that she would not appear at the deposition to testify. Swift's counsel immediately notified Banas' counsel. At the May 2, 2014 status conference, the court directed Banas to appear at the May 21, 2014 deposition.

Banas did appear at the deposition, but Swift represents that she was evasive and combative in her testimony. She claimed memory lapses, but none of the medical evidence provided showed that she suffered memory loss. Swift further represents that Banas was able to remember minute details of information she wanted to provide but could not remember more significant details about her 2013 accident. Banas gave little meaningful testimony and made a blanket claim that all of her current ailments were related to the 2009 injury.

Swift filed the present motion for sanctions on September 9, 2014. Banas did not file a response in opposition, and the time to do so has passed.

*Discussion*

Federal Rule of Civil Procedure 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> (iv) staying further proceedings until the order is obeyed;
>> (v) dismissing the action or proceeding in whole or in part;
>> (vi) rendering a default judgment against the disobedient party; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to

manage its cases and achieve orderly disposition. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 47,111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party)*; Barnhill v. United States*, 11 F.2d 1360, 1367 (7th Cir. 1993).

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (citing *Williams v. Chicago Bd. of Educ*., 155 F.3d 853, 857 (7th Cir. 1998)). The court commits a legal error if it dismisses a suit after the first problem without exploring alternatives or explaining why alternative sanctions would not be worthwhile. *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). The sanctions must be proportional to the party's misconduct. *Collins v. Illinois,* 554 F.3d 693, 696-98 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. *Barnhill*, 11 F.3d 1368.

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. *Domanus v. Lewicki,* No. 13-2435, 2014 WL 408723, * 8 (7th Cir. Feb. 4, 2014); *Sun v. Board of Trustees*, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); *Maynard v. Nygren*, 332 F.3d 462, 467-468 (7th Cir. 2003); *Danis v. USN Communications, Inc*., 2000 WL 1694325, 33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in

extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). When considering whether to employ this sanction, the court must "weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled over the course of the lawsuit." *Domanus,* 2014 WL 408723 at *8. The court first must consider whether less severe sanctions will remedy the damage. *Marrocco v. General Motors*, 966 F.2d 220, 223-224 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or the failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. *Domanus,* 2014 WL 408723 at *8; *Maynard*, 332 F.3d at 468-469; *Large v. Mobile Tool International, Inc*., 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement−a finding of willfulness, bad faith or fault−comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." *Maynard*, 332 F.3d at 468-469 (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Electric Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the

court)). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." **Maynard**, 332 F.3d at 468. *See also*, **Melendez v. Illinois Bell** Co., 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant.").

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." **Marrocco**, 966 F.2d at 224; **Maynard**, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct—or lack thereof— which eventually culminated in the violation." **Marrocco**, 966 F.2d at 224; **Langley**, 107 F.3d at 514. The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. **Maynard**, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); **Larson v. Bank One Corp**., 2005 WL 4652509, *9 (N.D. Ill. August 18, 2004) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

The accident that gave rise to this matter occurred five years ago, and this matter has been pending for three years. Over the course of the litigation, Banas has been uncooperative in

discovery.  First, she did not respond timely to Swift's original written discovery requests, prompting Swift to file a motion to compel.  The court granted the motion and ordered Banas to pay a monetary sanction.  This order was entered approximately one and a half years ago, and Banas has not complied.  Banas further refused to participate in her deposition and unilaterally attempted to cancel it.  Although she did attend the May 21, 2014 deposition after being ordered by the court, the record reflects that she did not provide meaningful answers.  In light of this, Swift was unable to determine which injuries Banas experienced as a result of the 2009 accident and which she incurred from her 2013 accident.  Banas never supplemented her discovery responses to distinguish which injuries she is alleging that she suffered as a result of the 2009 accident.  Left with no other alternative, Swift sent Banas authorization forms to sign so that it could obtain her medical records, insurance records, and Social Security Disability records.  Banas never signed and returned the authorizations.  Swift was able to obtain the records alternatively except for the Social Security Disability records.  Swift made multiple attempts to obtain Banas' authorization but was unsuccessful.

Banas has displayed the type of contumacious conduct deserving of dismissal.  She has refused to participate in discovery, disobeyed a court order, and has not filed a response to provide any justification for her behavior.  Without her cooperation, Swift cannot discern the extent of her injuries resulting from the 2009 accident rather than her 2013 accident.  This case had been pending three years, and the court does not believe that further sanctions will prompt Banas to cooperate.  This particularly is true because Banas did not even file a response to Swift's motion to provide any justification for her actions.

Based on the foregoing reasons, the Second Motion for Sanctions [DE 33] is **GRANTED.**  This matter is **DISMISSED.**

**ENTERED** this 6th day of October, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge