UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DIANA BANAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:12-cv-73 |
| | ) |
| MICHAEL A. TAYLOR, JR., and | ) |
| SWIFT TRANSPORTATION CO. | ) |
| OF ARIZONA, LLC., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider Court's Order of October 6, 2014 and Reinstate Cause of Action [DE 39] filed by the plaintiff, Diana Banas, on October 28, 2014, and the Motion for Oral Argument and Hearing in Support of Plaintiff's Motion to Reconsider Court's Order of October 6, 2014 and Reinstate Cause of Action [DE 40] filed by Banas on October 28, 2014. For the following reasons, the Motion to Reconsider Court's Order of October 6, 2014 and Reinstate Cause of Action [DE 39] is **DENIED**, and the Motion for Oral Argument and Hearing in Support of Plaintiff's Motion to Reconsider Court's Order of October 6, 2014 and Reinstate Cause of Action [DE 40] is **DENIED**.

*Background*

On September 9, 2014, the defendant, Swift Transportation Co., Inc., filed the Second Motion for Sanctions [DE 33], which requested the court to issue a default judgment. The plaintiff, Diana Banas, failed to respond to the motion. On October 6, 2014, the court granted the motion and dismissed this matter. In its October 6, 2014 order, this court found that Banas displayed contumacious conduct that deserved dismissal.

In support of that finding, this court listed Banas' refusal to participate in discovery, failure to obey a court order, and failure to file a response to provide any justification for her behavior. Specifically, this court indicated that Banas failed to respond timely to Swift's original written discovery requests. That prompted Swift to file a motion to compel, which this court granted and ordered Banas to pay a monetary sanction. At the time of the October 6, 2014 order, Banas had failed to comply for approximately one and a half years. The court also noted that Banas refused to participate in her deposition, unilaterally attempted to cancel it, and did not provide meaningful answers after being ordered to attend by the court.

Additionally, the court found that Banas' conduct prevented Swift from determining which injuries Banas experienced as a result of the 2009 accident and which she incurred from her 2013 accident. Banas never supplemented her discovery responses after the 2013 accident. To determine what injuries were caused by each accident, Swift sent Banas authorization forms to sign so that it could obtain her medical records. Although Swift was able to obtain most of the records, Banas failed to sign the authorizations after multiple requests. Furthermore, this court found that further sanctions would not prompt Banas to cooperate, particularly because she failed to respond to Swift's motion for sanctions.

Banas now requests the court to reconsider its dismissal and to reinstate her case. Banas' counsel indicates that Banas, through her actions and conduct, would not authorize counsel to speak or act for her, and therefore, prevented him from filing a response in opposition to the motion for sanctions. Additionally, Banas' counsel indicates that had Banas attempted to cooperate her confused state would have prevented her response or any supplemental discovery answers from being any more coherent than prior filings. Banas' counsel further states that he

was placed in an ethical dilemma between responding to the motion for sanctions and disclosing sensitive or even damaging information about Banas that could jeopardize her case.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v. Taflove**, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing **Obriecht v. Raemisch**, 517 F.3d 489, 494 (7th Cir. 2008); **United States v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see* **Oto v. Metro. Life Ins. Co.**, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); **Divane v. Krull Electric Co.**, 194 F.3d 845, 850 (7th Cir. 1999); **LB Credit Corp. v.**

3

*Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).  Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

In support of her motion to reconsider, Banas first argues that she was not warned of a possible dismissal, which she claims is an important consideration.  However, as she identifies, prior notice of a possible dismissal is not necessary for a court to dismiss a case under Rule 37(b)(2)(A).  Additionally, as Swift identified in its response, the second motion for sanctions specifically requested the court to dismiss this matter.  Therefore, although Banas should have been aware that dismissal was a possible sanction, she still failed to respond to the motion for sanctions.  Furthermore, the court already considered whether dismissal was the appropriate sanction in its October 6, 2014 order when it found that further sanctions would not prompt Banas to cooperate.

Next, Banas' counsel argues that Banas prevented him from responding to Swift's motion for sanctions through her actions and conduct.  He further claims that Banas' conduct put him in an ethical dilemma between responding to the motion for sanctions and disclosing sensitive or even damaging information about Banas.  Although Banas' counsel lists Banas' uncooperative and combative behavior towards both Swift and her own counsel, Banas' counsel has not specifically indicated how Banas' behavior prevented him from filing a response to the motion for sanctions.  Banas' counsel has not indicated that Banas instructed him not to respond or how her behavior prevented him from opposing Swift's request for dismissal.  Additionally, counsel never requested an extension of time to file a response due to Banas' medical condition.

4

Therefore, the court finds that Banas could have presented her arguments in this motion to reconsider in a response to the motion for sanctions.

Because the court finds that Banas could have responded to the motion for sanctions, Banas' argument opposing dismissal now based on her confused state and illness is a new argument. A motion to reconsider is not a platform to address new arguments. *See **Oto***, 224 F.3d at 606 ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."). Therefore, Banas should have responded to Swift's motion for sanctions if she wanted to properly raise this argument in opposition of dismissal.

Even if Banas could properly raise this argument now, she indicates it is "solely based upon the very evidence considered by the Court and presented by [Swift]." Therefore, the argument would not have been based on newly discovered evidence or a significant change in the facts, as is required for a motion for reconsideration. *See **Seng-Tiong Ho***, 648 F.3d at 505 (explaining that a court may amend its judgment only if the petitioner demonstrates a manifest error of law or presents newly discovered evidence); ***Ligas***, 549 F.3d at 501 ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court . . . ."). Thus, Banas has not presented sufficient grounds for the court to reconsider its order of dismissal.

Banas also requests a hearing and oral argument to further present her motion to reconsider and reinstate this cause under Local Rule 7-5. Because the court found that Banas has not presented sufficient grounds for the court to reconsider its order of dismissal, the request for a hearing and oral argument also is denied.

Based on the foregoing reasons, the Motion to Reconsider Court's Order of October 6, 2014 and Reinstate Cause of Action [DE 39] is **DENIED**, and the Motion for Oral Argument

5

and Hearing in Support of Plaintiff's Motion to Reconsider Court's Order of October 6, 2014 and Reinstate Cause of Action [DE 40] is **DENIED**.

ENTERED this 18th day of December, 2014.

/s/ Andrew P. Rodovich
United States Magistrate Judge